N. GIST LAMDIN, Appellant, *v*. BROADWAY SURFACE ADVERTISING CORPORATION, Respondent.

First Department, March 27, 1936.

*Nathan April* of counsel [*Mesard & Mesard,* attorneys], for the appellant.

*Samuel H. Kaufman* of counsel [*Emil Weitzner* and *Eugene M. Parter* with him on the brief; *Kaufman, Weitzner & Celler,* attorneys], for the respondent.

McAVOY, J.   The action is for a balance of unpaid wages.   The plaintiff was employed by the defendant as a director of sales of street car advertising.   His compensation was to be at the rate of $1,250 a month.   From February 1, 1933, to July 31, 1934, that is, for a period of eighteen months, the plaintiff received a total of $13,750.   He should have received during that period the sum of $22,500.   The unpaid amount, to wit, $8,750, is the amount awarded to him by the verdict of the jury.

While the answer consisted of a general denial, there was no issue as to the amount of unpaid wages. The defense is that between June, 1933, and July 31, 1934, the plaintiff, without the knowledge or consent of the defendant, received gratuities from outside persons, and made secret profits; that those gratuities and profits deflected the conduct of the plaintiff from the true path of loyalty; that they were made at the expense of the defendant, and that by reason of the premises the defendant is entitled not only to a judgment dismissing the complaint, but to the amount of the said alleged profits by way of counterclaim. Twenty thousand dollars is demanded as damages.

We think the jury's finding that there was no disloyalty in the receipt of the moneys paid to plaintiff, that no business or profit was deflected from defendant corporation, and that with knowledge of the practice on the part of an executive officer (the vice-president), the plaintiff was continued in defendant's employ without payment of his full wages during a period of seven months, is supported by the testimony. The issues were properly decided by the jury and the verdict should not have been disturbed.

The judgment should be reversed, with costs, the verdict reinstated, and judgment thereon directed to be entered for plaintiff for $8,750, with interest and costs.

MARTIN, P. J., O'MALLEY, TOWNLEY and GLENNON, JJ., concur.

Judgment reversed, with costs, the verdict reinstated, and judgment directed in favor of plaintiff for $8,750, with interest and costs.